UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE SAMUELS | CIVIL ACTION NO. 02-2395-P |
| versus | JUDGE STAGG |
| FRANK HAMMOND | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

This case comes before the court because Clarence Samuels ("Plaintiff") has failed to submit proper service papers with respect to one of the defendants, former Warden Kelly Ward. For the reasons that follow, it is recommended that all claims against Ward be dismissed for failure to prosecute.

Plaintiff is an inmate at the David Wade Correctional Center. He alleges that, while acting as a religious lay leader for a group of Muslim prisoners, he sought the opinion of group members regarding whether litigation should be initiated on behalf of the group to complain of matters related to religious services. The group approved of the proposed litigation, and Plaintiff submitted an ARP grievance the next day. Correctional officer Frank Hammond responded by placing Plaintiff in administrative segregation and charging him with posing a threat to the security of the institution.

Plaintiff was found guilty of the disciplinary charge by a board chaired by Warden of Security John Robinson, and Plaintiff was sentenced to five days loss of good time and eight

days of extra duty. Plaintiff appealed the decision to Warden Kelly Ward, who denied the appeal. Plaintiff then appealed to the Secretary of the Dept. of Public Safety and Corrections, who also denied review.

Plaintiff pursued relief in the state court and then filed this Section 1983 action. The original complaint named Frank Hammond as the only defendant. An amended complaint added as defendants Johnny Sumlin, Warden Kelly Ward, and Secretary Richard Stalder. Doc. 3. Plaintiff later amended his complaint to add a fifth defendant, John Robinson. Docs. 15-16. In February 2004, the court directed that Plaintiff provide the clerk with service papers and copies of his complaints so that the marshal could serve the defendants. Some defendants were served, and they filed a motion that resulted in the court dismissing the claims against defendant Sumlin. Docs. 44 and 50.

The remaining defendants, save former Warden Kelly Ward, recently filed a Motion for Summary Judgment. Doc. 66. They noted in the motion that Warden Kelly Ward, since retired, has never been served in this case. The marshal had attempted in 2004 to make service on the defendants at the addresses provided by Plaintiff. The summons for Warden Ward was delivered to the prison, as directed by Plaintiff, but the marshal returned it with a notation that Ward was retired, with no forwarding address. Doc. 20. Counsel later inadvertently included Warden Ward as a movant in a motion to dismiss, but he obtained an Order (Doc. 62) striking the motion with respect to Ward. Accordingly, Warden Ward has not been served and has not appeared in this case to waive service.

The court is obligated to request the marshal to make service of process for a party who is proceeding *in forma pauperis*, but the court is not an investigative service for litigants and must rely upon the party who wants to sue someone to provide the court with accurate service information for the proposed defendant. Accordingly, Plaintiff was given the following notice in an earlier Report and Recommendation: "If Plaintiff still desires to pursue any claims against Warden Kelly Ward, he must provide the court a proposed summons, copies of his complaint (and all amendments), and a completed USM-285 form that includes a current, valid address where Ward can be served. Failure to do so by August 19, 2005 may result in dismissal of Plaintiff's claims against Ward for failure to prosecute." Doc. 73.

The August 19 deadline has come and gone, but Plaintiff has not submitted anything to the clerk. A district court has the inherent authority to dismiss an action, even *sua sponte*, for failure to prosecute, with or without notice to the parties. Link v. Wabash Railroad Co., 82 S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). Dismissal is warranted in this case. The court may not decide a claim against a defendant who has not been served, and the court is unable to assist the plaintiff in serving the defendant if the plaintiff does not provide the basic paperwork and service information. It is, therefore, meaningless to keep Ward as a defendant in this action.

Accordingly;

**IT IS RECOMMENDED** that all claims against Warden Kelly Ward be dismissed for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 30th day of August, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Stagg