UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENCE SAMUELS | CIVIL ACTION NO. 02-2395-P |
| versus | JUDGE STAGG |
| FRANK HAMMOND | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**The Complaint**

Clarence Samuels ("Plaintiff") is an inmate at the David Wade Correctional Center. He alleges that, while acting as a religious lay leader for a group of Muslim prisoners, he sought the opinion of group members regarding whether litigation should be initiated on behalf of the group to complain of matters related to religious services. The group approved of the proposed litigation, and Plaintiff submitted an ARP grievance the next day. Correctional officer Frank Hammond responded by placing Plaintiff in administrative segregation and charging him with posing a threat to the security of the institution.

Plaintiff was found guilty of the disciplinary charge by a board chaired by Warden of Security John Robinson, and Plaintiff was sentenced to five days loss of good time and eight days of extra duty. Plaintiff alleges that, as a consequence of the charge, he was also expelled from an honor inmate program that entitled him to special privileges, such as picnic visits with his family. Plaintiff appealed the decision to Warden Kelly Ward, who denied the

appeal based on his agreement with the board that Plaintiff's use of the religious gathering to discuss a potential ARP was a "serious attempt to intimidate security." Plaintiff then appealed to the Secretary of the Dept. of Public Safety and Corrections, who also denied review, finding that the conduct described in Hammond's report fell within the guidelines of a threat to security.

Plaintiff then pursued relief in the 19th Judicial District Court. That action was taken pursuant to Louisiana procedural rules that require challenges for loss of good time as a result of disciplinary convictions to be filed in that court. See La.R.S. 15:1171, et. seq.; Cao v. Stalder, 2005 WL 1048985 (La. App. 1st Cir. 2005); Washington v. La. State Penitentiary, 740 So. 2d 761 (La. App 1st Cir. 1999). The Fifth Circuit has indicated that Plaintiff was obligated to exhaust that state-court process before he could file this Section 1983 suit for damages stemming from loss of good time. Clarke v. Stalder, 154 F.3d 186 (5th Cir. 1998) (en banc). A state district judge rendered judgment in Plaintiff's favor. (The full record of that proceeding is not before the court; only the judgment has been filed here.) The judge ordered that the incident report be removed from Plaintiff's record and that his five days of forfeited good time be restored.

**Prior Proceedings**

The original complaint named Frank Hammond as the only defendant. An amended complaint added as defendants Johnny Sumlin, Warden Kelly Ward and Secretary Richard Stalder. Doc. 3. This court dismissed the complaint after initial review. Docs. 8 & 10. The

Fifth Circuit affirmed the dismissal of some miscellaneous claims, but it vacated and remanded the judgment with respect to Plaintiff's claim that he was retaliated against for filing an ARP grievance in pursuit of access to the courts.

After remand, Plaintiff amended his complaint (Docs. 15-16) to add a fifth defendant, John Robinson, who chaired the disciplinary board. This court directed that Defendants be served. In response, the State of Louisiana filed a Motion to Dismiss (Doc. 26) based on qualified immunity and the Eleventh Amendment. The court noted that the State was not a named party. It then addressed the qualified immunity defense as if it had been properly raised by the individual defendants and dismissed all claims against Johnny Sumlin. Docs. 44 and 50. The remaining Defendants then moved for summary judgment, which was denied due to the lack of offering of competent summary-judgment evidence. Docs. 73 and 75. Soon after, the court recommended the dismissal of the former warden, Kelly Ward, for lack of service. Docs. 74 and 83. Hammond, Robinson and Stalder now return with a Motion for Summary Judgment (Doc. 76) that attacks Plaintiff's claim on the ground that Plaintiff did not exhaust his administrative remedies prior to filing this civil action.

**Exhaustion of Administrative Remedies**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The statute's reference to actions "with

respect to prison conditions" is interpreted broadly. Porter v. Nussle, 122 S.Ct. 983 (2002); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings. Booth v. Churner, 121 S.Ct. 1819 (2001).

**Analysis**

The movants argue that Plaintiff's disciplinary appeal and related proceedings were not equivalent to exhaustion of *administrative* remedies. They urge that Plaintiff was required – – after he pursued his *disciplinary* appeal and state court litigation as required by Clarke v. Stalder, 154 F.3d at 189 to remove the Heck bar from filing a Section 1983 claim based on the loss of good time – – to exhaust a grievance through the prison's Administrative Remedy Procedure. One might also argue, although the movants have not done so, that Plaintiff was required to file an ARP grievance at the time of the initial incident or risk having any later grievance be time barred under the ARP rules.

The resolution of whether a prisoner has properly exhausted the administrative remedies available to him must take into consideration the prison's policies and procedures. It is possible that a prisoner may exhaust his administrative remedies for purposes of Section 1997e(a) by a disciplinary appeal as opposed to an ARP grievance. See Richardson v. Spurlock, 260 F.3d 495 (5th Cir. 2001) (inmate failed to exhaust when he filed an administrative appeal instead of a disciplinary appeal required by prison regulations to challenge a disciplinary report as false).

The motion before the court includes an affidavit from Becky Moss, a prison official who is familiar with the ARP system. Doc. 76, Exhibit K. She testifies that Plaintiff did not file and exhaust a grievance against the named defendants between 1999 and 2002 that raised a claim of retaliation stemming from the incident report that underlies this litigation. Ms. Moss's affidavit adds a certification to the authenticity of Exhibit *M*, which is said to be the applicable portions of Administrative Remedy Procedure in place at David Wade in 2002 (when Plaintiff's state court litigation ended). What follows her affidavit, however, is a one-page Exhibit *L*, which appears to be nothing but the first page of the Administrative Remedy Procedure. There is no Exhibit M attached to the motion.

Without a complete and authentic copy of the applicable grievance procedures, the court should not grant summary judgment. The court should, before granting such a motion, determine that Plaintiff failed to exhaust an administrative remedy that was, in fact, available to him. The legal questions surrounding the exhaustion requirement caused by the application of Heck in this case are difficult enough to resolve. That difficulty is magnified when the court lacks a full and complete record of the relevant documents. The motion should, therefore, be denied on the showing made.

The court also notes that a member of the court staff obtained from Ms. Moss, during a hearing held at the prison last year, copies of the Administrative Remedy Procedure in place at David Wade prior to April 22, 2002 and (after some modifications) after that date. Both of those plans state clearly that there are other procedures in place to govern

"disciplinary matters." Both sets of regulations also provide that all grievances will be screened prior to assignment to the first step. The screening process may result in the rejection of a grievance without further proceedings. One ground for rejection is when there are "specialized administrative remedy procedures in place for this specific type of complaint, such as: Disciplinary Matters ... ." These materials, although not part of a proper summary-judgment record, indicate that the ARP in place at David Wade during the relevant times was not available to Petitioner to address the claims that he asserts in this case. Had Plaintiff filed an ARP grievance, as suggested by movants, the grievance would almost certainly have been (1) rejected during screening as a disciplinary matter if it had been filed soon after the disciplinary hearing that revoked the good time or (2) denied as untimely if Plaintiff had waited until after the lengthy disciplinary appeal and state-court litigation were completed. It appears, assuming the accuracy of the court's copies of the ARP, that exhaustion of the disciplinary appeal process was adequate to satisfy Section 1997e(a) in this case.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Summary Judgment (Doc. 76) be denied**.**

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

"disciplinary matters." Both sets of regulations also provide that all grievances will be screened prior to assignment to the first step. The screening process may result in the rejection of a grievance without further proceedings. One ground for rejection is when there are "specialized administrative remedy procedures in place for this specific type of complaint, such as: Disciplinary Matters ... ." These materials, although not part of a proper summary-judgment record, indicate that the ARP in place at David Wade during the relevant times was not available to Petitioner to address the claims that he asserts in this case. Had Plaintiff filed an ARP grievance, as suggested by movants, the grievance would almost certainly have been (1) rejected during screening as a disciplinary matter if it had been filed soon after the disciplinary hearing that revoked the good time or (2) denied as untimely if Plaintiff had waited until after the lengthy disciplinary appeal and state-court litigation were completed. It appears, assuming the accuracy of the court's copies of the ARP, that exhaustion of the disciplinary appeal process was adequate to satisfy Section 1997e(a) in this case.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Summary Judgment (Doc. 76) be denied**.**

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 7th day of November, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Stagg